

Miedel & Mysliwiec LLP

August 9, 2019

**By ECF**
Hon. Victor Marrero
United States District Judge
United States District Court                    **SENTENCING**
Southern District of New York                   **SUBMISSION**
500 Pearl Street
New York, New York 10007

           Re:    *United States v. Richard Feliz*
                       **S4 16 Cr 809 (VM)**

Dear Judge Marrero:

We represent Richard Feliz in this matter. We respectfully submit this letter in connection with Mr. Feliz's sentencing, which is scheduled for August 16, 2019.

<u>Preliminary Statement</u>

Mr. Feliz entered a plea of guilty pursuant to a carefully negotiated Plea Agreement, the end-result of several weeks of thorough discussions between the parties about the offense conduct and other considerations. The Plea Agreement sets forth a stipulated Guidelines calculation of 27 years and includes other resulting penalties, such as a term of supervised release. The Plea Agreement also prohibits either party from asking the Court for a sentence above or below the stipulated Guidelines, even though by statute Mr. Feliz may be sentenced to as little as seven years' imprisonment. The Government reviewed all of the evidence in the case, including evidence from cooperating witnesses that the defense was never able to review, and made Mr. Feliz this plea offer because it believes that a prison sentence of 27 years  is sufficient but not greater than necessary for this individual defendant in this specific case.  The Probation Department concurs with the Guidelines analysis in the Plea Agreement and recommends the stipulated Guidelines sentence of 324 months (27 years). *See* PSR at 7-9, 27, 33.

The principles governing federal sentencing since *United States v. Booker*, 543 U.S. 220 (2005), require the Court to look beyond the Guidelines in order to arrive at a sentence sufficient but not greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a).  We know that the Court is well aware of the law and the various factors that § 3553(a) sets forth for the Court to consider. This Sentencing Submission provides information about Mr. Feliz's offense conduct, his history and characteristics, and other facts relevant to sentencing to assist the Court in its analysis of § 3553(a) factors in support of a sentence no higher than 27 years imprisonment.

Hon. Victor Marrero
August 9, 2019
Page 2 of 4

### **Mr. Feliz's Plea Agreement, Offense Conduct, and Application of the Sentencing Guidelines**

On January 19, 2019 Mr. Feliz pleaded guilty to a two-count Superseding Information charging conspiracy to distribute cocaine base and marijuana in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(C), 841(b)(1)(D), and 846, and using and brandishing a firearm in connection with that drug conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii). He faces maximum tern of imprisonment of 20 years of the conspiracy count and a consecutive mandatory minimum term of seven years of the gun count. The combination of these penalties gives rise to the Stipulated Guidelines sentence of 27 years. In addition to allocuting to the elements of these two counts, Mr. Feliz admitted responsibility for the homicide of an innocent bystander, Victor Chafla.

Words are insufficient to express the remorse that Mr. Feliz feels for having committed this homicide. In an earnest effort to do so, he has written a personal letter to the Court in which he tries to convey how sorry he is for his crimes. *See* Letter of Richard Feliz, attached as "Exhibit A." When Mr. Feliz fired the gun, he was trying to aim at a gang member. The shot missed that person, continued down the block, and killed Mr. Chafla. Mr. Feliz wishes that he could go back to that point in time and make a different decision. He also knows that nothing he says can make up for this crime for which he will forever be repentant.

### **Objections to the Pre-Sentence Report**

The defense objects to PSR paragraphs 57, 59, 60, and 61 to the extent that they suggest Mr. Feliz committed the criminal acts described in them. In those paragraphs, the PSR describes four separate shooting incidents and includes the following language: "The defendant was charged for this conduct as part of the instant offense." We object to this language as misleading. It is true that Mr. Feliz was a member of a conspiracy where the government has evidence that other members of the conspiracy committed those acts. Mr. Feliz did not, however, specifically commit any of the acts described in those paragraphs and he was not separately charged for committing any of those substantive offenses.

### **Sentencing Factors that the Court Must Consider Pursuant to 18 U.S.C. § 3553(a)**

Title 18, United States Code Section 3553(a) enumerates sentencing factors the Court must consider in determining a sentence that is "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in" § 3553(a)(2). In order for the Court to conduct its analysis under Section § 3553(a), we provide the following documents as Exhibits to this Sentencing Submission:

- Ex. A – Letter of Richard Feliz;
- Ex. B – Letter of Erik Mercer, L.C.S.W. (Mitigation Specialist);
- Ex. C – Letters of Support re: Richard Feliz;
  - Letter of Evangelista Cedeno (and photographs);
  - Letter of Tiffany Pittman;
  - Letter of Sergio Feliz, and translation;
  - Letter of Valentin Silvierio;
  - Letter of Daniel Dicle, and translation;
  - Letter of Ivelisse Cruz Castro, and translation;

Hon. Victor Marrero
August 9, 2019
Page 3 of 4

- o   Letter of Melissa Sanchez;
- Ex. D – MCC Materials;
  - o   MCC transcript;
  - o   Letter from R. Proto – MCC Unit Manager;
  - o   Non-Residential Drug Abuse Program Certificate of Completion;
  - o   Letter from Class Facilitators of the Focus Forward Project, Inc. and a Certificate of Achievement for the Project;
  - o   Letter from Lead By Example Founder & CEO and Lead by Example Certificates;
  - o   Planned Parenthood Certificates;
  - o   Certificate of Completion for Independent Study Black History; and
  - o   Certificate of Completion CDL.

Together, these documents provide a full picture of Mr. Feliz's history and characteristics.  Mr. Feliz's life leading up to his arrest and incarceration is thoroughly described in the PSR and in the mitigation report of Eric Mercer, L.C.S.W., so we will not review his entire history and characteristics in this Submission. Following the Court's review of these documents, it will be clear to the Court that Mr. Feliz experienced a traumatic and troubling childhood, and lived in circumstances that played a significant role in his choices to become associated with a gang.

The exhibits also contain information supporting that Mr. Feliz is a good candidate for significant rehabilitation during his imprisonment.  In conversations with us and in his letter to the Court, Mr. Feliz discusses true remorse for his offense conduct. Mr. Feliz has a family, including a young daughter, to whom he is dedicated and whose support he hopes to have in the years to come. Before his incarceration, Mr. Feliz also managed to obtain several jobs and performed well at them. In addition, at MCC, he has taken advantage of the programs offered to him.

Finally, as part of its § 3553(a) analysis, the Court should know that on June 22, 2016, Mr. Feliz was arrested in the Bronx for a related case and charged in New York State for that offense. He was incarcerated on that case for approximately five months, until he posted bail. On November 21, 2016, he was arrested in the present case and the Bronx case was subsequently dismissed due to this federal prosecution.

Hon. Victor Marrero
August 9, 2019
Page 4 of 4

<u>**Conclusion**</u>

For the aforementioned reasons, we respectfully request that the Court impose a sentence that is sufficient but not greater than necessary to accomplish the purposes of sentencing.

Respectfully submitted,

/s/

Aaron Mysliwiec
Miedel & Mysliwiec LLP
80 Broad Street, Suite 1900
New York, New York 10007

Bobbi C. Sternheim
Alex S. Huot
Law Offices of Bobbi C. Sternheim
33 West 19th Street-4th Floor
New York, NY 10011

cc:     AUSAs Jessica Fender & Anden Chow