USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/30/23

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

                Plaintiff,

- against -

RICHARD FELIZ,

                Defendant.

**16 Cr. 809 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Defendant Richard Feliz ("Feliz") moves the Court for appointment of counsel under 18 U.S.C. § 3006A and for a reduction in his term of imprisonment under the compassionate release provisions of 18 U.S.C. § 3582. (See Dkt. No. 681.) His motion provides the Court an opportunity to consider how recent amendments to the U.S. Federal Sentencing Guidelines impact requests for compassionate release.

The Court concludes that the amendments, which updated Section 1B1.13 of the U.S. Sentencing Guidelines Manual to harmonize the provision with the First Step Act of 2018, have changed the legal framework promulgated by the Second Circuit in United States v. Brooker, 976 F.3d 228 (2020). Applying this new framework, and for the reasons stated below, the Court **DENIES** Feliz's motion.

## I. BACKGROUND

A grand jury indicted Feliz in December 2016, accusing him and others of conspiring to violate the federal narcotics laws. (See Indictment, Dkt. No. 19.) Feliz was then named in a five-count superseding indictment dated May 18, 2018, which charged him with, among other things, murdering Victor Chafla ("Chafla") in aid of racketeering activity on March 26, 2015 in the Bronx. (See Superseding Indictment, Dkt. No. 118.)

Under an agreement with the Government, Feliz pleaded guilty on January 23, 2019 to a two-count superseding information charging him with (1) conspiring to distribute crack and marijuana between approximately 2013 and 2017, in violation of 21 U.S.C. § 846; and (2) brandishing a firearm in furtherance of the conspiracy on or about March 26, 2015, in violation of 18 U.S.C. § 924(c). (See Superseding Information, Dkt. No. 214; Plea Transcript, Dkt. No. 220 at 22.) As part of the plea deal, the Government moved to dismiss remaining counts against Feliz, including the murder charge, and agreed that the U.S. Attorney for the Southern District of New York would not further prosecute Feliz for the Chafla murder. (See Plea Transcript at 19–22.) But Feliz was required under the agreement to take responsibility for the killing during the plea proceeding, and he did so during his colloquy with the presiding Magistrate Judge. (See id.; see also Letter

in Opp'n to Def.'s Mot. for Compassionate Release, Dkt. No. 691 [hereinafter "Opp."], at 2.)

The parties also agreed as part of Feliz's plea arrangement that an application of the U.S. Federal Sentencing Guidelines (the "Guidelines") to Feliz's case resulted in a Guidelines recommendation of 324 months' imprisonment. (See Def.'s Sentencing Submission, Dkt. No. 316; Gov't Sentencing Submission, Dkt. No. 318.) On August 16, 2019, the Court sentenced Feliz to 324 months' imprisonment. (See Judgment, Dkt. No. 327.)

Feliz's projected release date is December 25, 2039. (See Opp. at 2.) He is serving his sentence at Federal Correctional Institution ("FCI") Ray Brook in Essex County, New York. (See id.)

On May 26, 2023, Feliz filed the instant motion. (See Def.'s Mot. to Modify Term of Imprisonment, Dkt. No. 681 [hereinafter the "motion" or "Mot."].) He seeks appointment of counsel under 18 U.S.C. § 3006A and a reduction in his term of imprisonment under the First Step Act of 2018 and the compassionate release provisions of 18 U.S.C. § 3582. (See id. at 1.) On July 27, 2023, the Government filed a letter brief opposing Feliz's motion. (See Opp. at 1–7.)

## II. <u>LEGAL STANDARD</u>

The Court notes that Feliz is a pro se litigant. As such, his submission must be held to "less stringent standards than formal pleadings drafted by lawyers." <u>Ferran v. Town of Nassau</u>, 11 F.3d 21, 22 (2d Cir. 1993) (quoting <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980)). The Court must construe Feliz's submission "liberally and interpret [it] 'to raise the strongest arguments that [it] suggest[s].'" <u>McPherson v. Coombe</u>, 174 F.3d 276, 280 (2d Cir. 1999) (quoting <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir. 1994)). Nevertheless, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." <u>Boddie v. N.Y. State Div. of Parole</u>, 285 F. Supp. 2d 421, 426 (S.D.N.Y. 2003) (quoting <u>Traguth v. Zuck</u>, 710 F.2d 90, 95 (2d Cir. 1983)).

A.  <u>APPOINTMENT OF COUNSEL</u>

Feliz first asks the Court to appoint him an attorney in connection with his compassionate release motion. (<u>See</u> Mot. at 2-3.) Generally, a defendant "has no right to the assistance of counsel in filing a motion for compassionate release." <u>United States v. Broadnax</u>, No. 15 Cr. 878, 2023 WL 6533489, at *1 (S.D.N.Y. Oct. 6, 2023) (quoting <u>United States v. Fleming</u>, 5 F.4th 189, 193 (2d Cir. 2021)). "A defendant's

4

constitutional right to counsel 'extends to the first appeal of right, and no further.'" United States v. Diaz, No. 16 Cr. 719, 2022 WL 3020145, at *4 (S.D.N.Y. July 28, 2022) (quoting Fleming, 5 F.4th at 193). And while a defendant's right to counsel "may extend to certain 'ancillary matters,' 18 U.S.C. § 3006A(c), such matters do not include 'collateral attacks upon a judgment' like that afforded by" the compassionate release statute. Id. (quoting Fleming, 5 F.4th at 193).

Thus, "[f]or a compassionate release motion, . . . it is within the district court's discretion whether to appoint counsel." Broadnax, 2023 WL 6533489, at *1. In exercising that discretion, a district court may consider whether the defendant's compassionate release motion would likely be successful. See United States v. Piña, No. 01 Cr. 619, 2021 WL 364192, at *1 (S.D.N.Y. Feb. 3, 2021) ("The Court finds that appointment of counsel is unwarranted here because [the defendant's] chances of success on his proposed motion for compassionate release are 'extremely slim.'" (quoting Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986))).

B.   COMPASSIONATE RELEASE

Feliz moves for compassionate release under 18 U.S.C. § 3582 ("Section 3582"), as amended by the First Step Act of 2018 (the "FSA"). (See Mot. at 1.) Section 603(b) of the FSA

5

— titled "Increasing the Use and Transparency of Compassionate Release," First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (Dec. 21, 2018) — amended Section 3582(c)(1)(A) by "remov[ing] the [Bureau of Prisons] as the sole arbiter of compassionate release motions" and allowing a defendant to bring such a motion in court. United States v. Brooker, 976 F.3d 228, 233 (2d Cir. 2020).[1]

Feliz specifically invokes Section 3582(c)(1)(A)(i). (See Mot. at 1.)[2] A defendant bringing a compassionate release motion under that provision must show "extraordinary and compelling reasons" warranting a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i); see United States v. Rengifo, 569 F. Supp. 3d 180, 187 (S.D.N.Y. 2021).[3]

---

[1] As the Second Circuit has explained, "compassionate release is a misnomer. [Section 3582] in fact speaks of sentence reduction. A district court could, for instance, reduce but not eliminate a defendant's prison sentence." United States v. Garcia, 505 F. Supp. 3d 328, 330 (S.D.N.Y. 2020) (quoting Brooker, 976 F.3d at 237).

[2] Feliz has styled his motion as — in addition to being brought under Section 3582, as amended by Section 603 of the FSA — brought also under Section 404 of the FSA. (See Mot. at 1.) Section 404 of the FSA applies only to offenses committed before August 3, 2010. See First Step Act of 2018, Pub. L. No. 115-391, § 404(a), 132 Stat. 5194, 5222 (Dec. 21, 2018). Feliz was convicted for offenses that took place between approximately 2013 and 2017, so Section 404 of the FSA does not apply to him.

[3] A showing of "extraordinary and compelling reasons" is not the only prerequisite to compassionate release. The defendant must also comply with an administrative exhaustion requirement. See Rengifo, 569 F. Supp. 3d at 187. Moreover, before granting compassionate release, a court must find that the sentencing factors set forth in 18 U.S.C. § 3553(a) are "consistent with a lesser sentence than that previously imposed" and are additionally consistent with "a *particular* sentence reduction . . . that is also warranted by extraordinary and compelling reasons." Id. (emphasis added) (quoting Garcia, 505 F. Supp. 3d at 331). The Court need not

6

Section 3582 also provides that to grant compassionate release, the Court must find that "such a reduction [in the defendant's term of imprisonment] is consistent with applicable policy statements issued by the Sentencing Commission," which promulgates the Guidelines. 18 U.S.C. § 3582(c)(1)(A). The Second Circuit considered this provision of the statute in Brooker, focusing in particular on the question of whether certain pre-FSA policy statements in the Guidelines remained "applicable," id., and thus binding on federal courts. See Brooker, 976 F.3d at 235.

Brooker highlighted the incongruence between, on one hand, the post-FSA text of Section 3582 and, on the other hand, the pre-FSA policy statements in the Guidelines. At the time Brooker was decided, the Guidelines contained a policy statement allowing courts to grant compassionate release "[u]pon motion of the Director of the Bureau of Prisons" under Section 3582. U.S. Sent'g Guidelines Manual § 1B1.13 [hereinafter "Policy Statement 1B1.13"] (U.S. Sent'g Comm'n 2021) (amended Nov. 1, 2018). Below Policy Statement 1B1.13's

---

further address these additional elements of the compassionate release standard, given the Court's conclusion, set forth below, that Feliz has not shown extraordinary and compelling reasons warranting a sentence reduction. However, regarding the administrative exhaustion requirement, the Court observes that Feliz did apply, unsuccessfully, to the warden of his facility for compassionate release before bringing the instant motion and that the Government has not argued that Feliz failed to satisfy the administrative exhaustion requirement. (See Mot. Ex. A; Opp. at 1-7.)

text was commentary regarding the "circumstances" under which "extraordinary and compelling reasons" warranting compassionate release would "exist." Id. cmt. n.1 [hereinafter "Application Note 1"] (U.S. Sent'g Comm'n 2021) (amended Nov. 1, 2018). The commentary in Application Note 1 provided that such reasons would exist under certain conditions involving a defendant's health, age, or family circumstances. See Application Note 1(A)–(C) (U.S. Sent'g Comm'n 2021) (amended Nov. 1, 2018). If a defendant's situation did not meet those conditions, a catch-all provision applied, under which a defendant could still be entitled to compassionate release if the Director of the Bureau of Prisons ("BOP") made a determination that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the [health-, age-, and family-related] reasons described in subdivisions (A) through (C)." Application Note 1(D) (U.S. Sent'g Comm'n 2021) (amended Nov. 1, 2018). In other words, prior to the FSA, district courts could not grant relief under the Application Note 1(D) catch-all provision without a BOP determination that an extraordinary and compelling reason warranted such relief. See 18 U.S.C. § 3582(c)(1)(A) (stating that sentence reduction must be "consistent" with "applicable" policy statements).

In Brooker, the Second Circuit addressed the question whether, in light of the newly enacted FSA, courts were still bound to defer to the BOP regarding whether "there exists in the defendant's case an extraordinary and compelling reason [for compassionate release] other than" the presumptively acceptable health-, age-, and family-related reasons spelled out in Application Note 1(A), 1(B), and 1(C). Id.; see Brooker, 976 F.3d at 230 (asking "whether courts remain bound by [Application Note 1(D)], which makes the [BOP] the sole arbiter of whether most reasons qualify as extraordinary and compelling"). The Second Circuit held that the answer was "No." See Brooker, 976 F.3d at 234.

The Second Circuit concluded that Application Note 1(D) was no longer "applicable," 18 U.S.C. § 3582(c)(1)(A), as a result of the FSA, which granted prisoners a new right to "bring a [compassionate release] claim before the courts even if the BOP opposes the claim." Brooker, 976 F.3d at 235. The court concluded that Application Note 1(D)'s "language is clearly outdated" and that its text applied "only to [compassionate release] motions that the BOP has made." Id. at 235-36. In short, the Second Circuit ruled that Policy Statement 1B1.13 "is not 'applicable' to compassionate release motions brought by defendants" and thus that Application Note 1(D) "cannot constrain district courts'

9

discretion to consider whether any reasons are extraordinary and compelling." Id. at 236.

Policy Statement 1B1.13, however, has recently undergone a significant amendment. As of November 1, 2023, Policy Statement 1B1.13 reflects today's state of affairs under the FSA, expressly stating that courts may grant compassionate release "[u]pon motion of the Director of the [BOP] *or the defendant* pursuant to" Section 3582(c)(1)(A). Policy Statement 1B1.13(a) (emphasis added) (U.S. Sent'g Comm'n 2023) (amended Nov. 1, 2023). Moreover, the text of Policy Statement 1B1.13 itself now includes the discussion, previously contained below the text in Application Note 1, regarding "extraordinary and compelling reasons" that merit compassionate release. Compare Policy Statement 1B1.13(b) (U.S. Sent'g Comm'n 2023) (amended Nov. 1, 2023), with Policy Statement 1B1.13 Application Note 1 (U.S. Sent'g Comm'n 2021) (amended Nov. 1, 2018). Indeed, the permissible reasons previously found in Application Note 1(A), 1(B), and 1(C) — medical circumstances, age, and family circumstances — are now identified as extraordinary and compelling reasons for compassionate release in the text of Policy Statement 1B1.13(b)(1), (b)(2), and (b)(3). And Policy Statement 1B1.13(b)(4) contains a new extraordinary and compelling

reason, covering situations where the defendant was a victim of BOP abuse while in custody.

Notably, Policy Statement 1B1.13(b)(5) contains a new catch-all provision stating that a court may grant compassionate release if the defendant "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Policy Statement 1B1.13(b)(5) (U.S. Sent'g Comm'n 2023) (amended Nov. 1, 2023). Unlike the text of the antecedent catch-all provision previously found at Application Note 1(D), the new version of Policy Statement 1B1.13 does not make the existence of "any other [extraordinary and compelling] circumstance or combination of [extraordinary and compelling] circumstances" contingent on any determination by the BOP. Id.[4]

---

[4] The newly amended provision contains one more specific "extraordinary and compelling reason" in Policy Statement 1B1.13(b)(6), which provides,

> Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

11

In short, the amendments to Policy Statement 1B1.13 have harmonized the Policy Statement with the FSA, and the Policy Statement's language is no longer "outdated." Brooker, 976 F.3d at 235. The Court thus concludes that Brooker does not apply to the new version of Policy Statement 1B1.13 because the Policy Statement, as amended, is now "applicable" to compassionate release motions brought in court by defendants. 18 U.S.C. § 3582(c)(1)(A). Accordingly, to grant a motion for compassionate release, a court must now, in addition to finding that the other elements of the compassionate release standard are satisfied, see Rengifo, 569 F. Supp. 3d at 187, also find that granting such relief "is consistent with" Policy Statement 1B1.13, which sets forth the circumstances under which an extraordinary and compelling reason for compassionate release or sentence reduction would exist. 18 U.S.C. § 3582(c)(1)(A); see Policy Statement 1B1.13 (U.S. Sent'g Comm'n 2023) (amended Nov. 1, 2023) [hereinafter "Amended Policy Statement 1B1.13" in citations].

Having set out the applicable legal standards, the Court now turns to the arguments Feliz makes in support of his motion.

### III. DISCUSSION

A.  APPOINTMENT OF COUNSEL

First, the Court is not persuaded that it should appoint counsel for Feliz. Feliz argues that the Court should do so because he cannot afford a lawyer and does not have adequate access to a law library. (See Mot. at 2–3.) But as stated above, he has no right to a lawyer in connection with a motion for compassionate release or reduction in sentence. See Broadnax, 2023 WL 6533489, at *1. Moreover, Feliz has presented nothing in his pro se motion for compassionate release — a motion that the Court denies for the reasons below — that suggests that the motion would have a reasonable chance at success if Feliz were represented by an attorney. See Piña, 2021 WL 364192, at *1. Accordingly, the Court **DENIES** Feliz's motion for appointment of counsel.

B.  COMPASSIONATE RELEASE

To obtain compassionate release or a reduction in his sentence, Feliz must show that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). To this end, Feliz argues that he is entitled to a sentence reduction because (1) he is at risk of contracting COVID-19 at FCI Ray Brook (see Mot. at 5-6, 11-15), (2) he is not receiving treatment for his post-traumatic

13

stress disorder (PTSD) at FCI Ray Brook (see id. at 16–18), (3) he is subjected to harsh conditions at FCI Ray Brook (see id. at 11, 13), (4) he is serving an unusually long sentence (see id. at 21–22, 26–27), and (5) he has rehabilitated himself (see id. at 6, 21–24).

The Court finds that Feliz has not made the required showing. As explained above, the recently amended Policy Statement 1B1.13 now governs whether Feliz has demonstrated "extraordinary and compelling reasons" for a sentence reduction, and Feliz's motion does not meet the standard set out by that provision of the Guidelines.

1. Risk of COVID-19

Feliz's arguments with respect to COVID-19 are unavailing. For a medical issue to constitute an extraordinary and compelling reason for release under Policy Statement 1B1.13, the defendant must be suffering from a terminal illness, a serious condition that substantially diminishes his or her ability to provide self-care and from which he or she is not expected to recover, or a condition requiring long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious health consequences or death. See Amended Policy

14

Statement 1B1.13(b)(1)(A)-(C). Feliz does not present circumstances falling into any of these categories.

An additional provision in the new version of Policy Statement 1B1.13 says an extraordinary and compelling reason for compassionate release would exist where the defendant's facility is at imminent risk of being affected by an ongoing outbreak of infectious disease and where "due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease." Amended Policy Statement 1B1.13(b)(1)(D). There is nothing, however, in Feliz's motion papers indicating that he presents any "personal health risk factors" that subject him to "increased risk of suffering severe medical complications or death as a result of exposure to" COVID-19. Id. In fact, Feliz acknowledges that he is vaccinated against COVID-19, "which mitigates his risk of becoming seriously ill should he contract the disease." United States v. Mirabal, No. 16 Cr. 272, 2023 WL 2401377, at *8 (S.D.N.Y. Mar. 8, 2023); cf. id. (stating that courts in this district have consistently held that "the risk of COVID-19 for a vaccinated individual is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling reasons after he has

15

been vaccinated" (quoting United States v. Jones, No. 17 Cr. 214, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021))).[5] Feliz has thus not demonstrated that the risk that he will contract COVID-19 is an extraordinary and compelling reason warranting early release.

### 2. Alleged Lack of Treatment for PTSD

Feliz next argues that compassionate release is appropriate because he is not receiving treatment for PTSD at FCI Ray Brook, but he has not established a factual basis for this claim. As the Government points out, Feliz's medical records show that as of June 2021, he had no mental health complaints and that he had been "[i]nstructed . . . how to obtain . . . mental health care." (See Dkt. No. 708 at 13, 15 (filed under seal).) Records of subsequent encounters with medical staff make no mention of PTSD. (See id. at 1–9.) And in any case, Feliz has not shown that PTSD has "diminishe[d] [his] ability to provide self-care" or that he "is not

---

[5] The Court also notes that Feliz is not yet 30 years old (see Mot. at 28), which means he is relatively less likely to develop severe complications from COVID-19. See United States v. Nwankwo, No. 12 Cr. 31, 2020 WL 2490044, at *1 (S.D.N.Y. May 14, 2020) ("[N]umerous courts have found that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, *absent additional factors such as advanced age* or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease." (emphasis added)).

expected to recover" from PTSD. Amended Policy Statement 1B1.13(b)(1)(B).

### 3. Conditions at FCI Ray Brook

Feliz also claims that compassionate release is warranted due to harsh conditions at FCI Ray Brook, such as a lack of adequate staffing. The presence of harsh prison conditions — other than physical or sexual abuse (which Feliz does not allege), see Amended Policy Statement 1B1.13(b)(4) — is not one of the specific "extraordinary and compelling reasons" listed in Policy Statement 1B1.13. Feliz's argument, to the extent it relies on harsh prison conditions, must therefore satisfy the "similar in gravity" standard outlined in Policy Statement 1B1.13(b)(5).

Feliz has not made the required showing. The extraordinary and compelling reasons listed in the Policy Statement speak of terminal illnesses, serious and chronic medical conditions, serious deterioration in physical or mental health due to aging, death or incapacitation of immediate family members, and sexual abuse or serious bodily injury committed by the BOP or its agents. See generally Amended Policy Statement 1B1.13(b). Feliz has not established that alleged staffing shortages or other harsh conditions at FCI Ray Brook are "similar in gravity" to such circumstances.

4.  <u>Unusually Long Sentence</u>

Assuming for the sake of argument that Feliz is serving an unusually long sentence, he cannot be granted compassionate release on this ground. For such a ground to even be considered by the Court, the defendant must have "served at least 10 years of the term of imprisonment." Amended Policy Statement 1B1.13(b)(6). Feliz has been in custody since approximately November 2016 — fewer than 10 years. (<u>See</u> Opp. at 2.) His argument with respect to his purportedly long sentence thus fails.

5.  <u>Rehabilitation</u>

Feliz's final argument is based on his contention that he has rehabilitated himself, but as he acknowledges, "rehabilitation alone cannot[] justify compassionate release." (Mot. at 24.) Indeed, Policy Statement 1B1.13 provides that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." Amended Policy Statement 1B1.13(d). The Policy Statement does say that "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." <u>Id.</u> But, as explained

above, Feliz has not presented any other extraordinary and compelling reason for reducing his sentence. Feliz's motion for compassionate release or a reduction in sentence is accordingly **DENIED**.

## IV. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the motion (Dkt. No. 681) filed by defendant Richard Feliz for a modification of his term of imprisonment and for the appointment of counsel is hereby **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall mail a copy of this Decision and Order to Richard Feliz, Register No. 78341-054, FCI Ray Brook, P.O. Box 900, Ray Brook, NY 12977-0900.

**SO ORDERED.**

Dated:    30 November 2023
         New York, New York

_____
Victor Marrero
U.S.D.J.